THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEERUT SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant. | CASE NO. C17-0233-JCC<br><br>ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Keerut Singh's motion to compel discovery (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On February 14, 2017, Plaintiff Keerut Singh sued Defendant United States Postal Service (USPS) alleging violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a), and the Privacy Act, 5 U.S.C. § 552a. (Dkt. No. 1 at 1-2.) Singh's complaint alleges that in November 2016, he requested his own background investigation and personnel file as a former USPS employee. (*Id.* at 2.) Singh asserts that the USPS failed to provide the requested documents and failed to conduct a reasonable search for such documents. (*Id.* at 6.)

Singh now moves to compel production of the requested documents. (Dkt. No. 14 at 1-2.)

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). An "evasive or incomplete disclosure, answer, or response must be treated as failure to . . . answer." Fed. R. Civ. P. 37(a)(4). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. Analysis

Singh's motion is denied for three reasons.

First, Singh's motion is premature. A motion to compel is appropriate if a party fails to respond to a discovery request required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(3). Singh did not previously serve any discovery requests on the USPS, although he attached some requests for admission to his motion dated March 30, 2017. To grant his motion to compel would be procedurally inappropriate.

Second, because FOIA cases pertain to the propriety of revealing requested documents, discovery in those cases is rare and limited. *Lane v. U.S. Dep't of the Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("[I]n FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents. Accordingly, in these cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery."); *see also Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) ("Summary judgment resolves most FOIA cases"); *Miscavige v. Internal Revenue Serv.*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."). Singh

makes no showing that this is an appropriate case for early disclosure.

Finally, Singh's requests for admission are unrelated to his claims, *i.e.*, the adequacy of the USPS's search for and disclosure of the underlying requested documents. For instance, Singh seeks an admission that he "voluntarily resigned" and that the USPS emphasizes "driving safely" in an effort to "show a pattern of behavior by the agency." (Dkt. No. 14-1 at 5.) Singh fails to demonstrate that these requests are relevant to this case.

### III. CONCLUSION

For the foregoing reasons, Singh's motion to compel (Dkt. No. 14) is DENIED.

DATED this 11th day of May, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO COMPEL
PAGE - 3