UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEERUT SINGH, | CASE NO. C17-0233-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 32) of the Court's order (Dkt. No. 29) granting Defendant's motion for summary judgment (Dkt. No. 22). Plaintiff first argues that his claims "should not be dismissed just because summary judgment is granted." (Dkt. No. 32 at 1.) But that is precisely what summary judgment is: a trial on paper that addresses the plaintiff's claims and, where appropriate—as here—resolves those claims on the merits. *See* BLACK'S LAW DICTIONARY, "Summary Judgment" (10th ed. 2014) ("A judgment granted on a claim or defense about which there is no genuine issue of material fact and on which the movant is entitled to prevail as a matter of law. . . . This procedural device allows the speedy disposition of a controversy without the need for trial.").

Plaintiff further argues that the dismissal should have been without prejudice. (Dkt. No.

32 at 2.) But, where the Court reaches the merits of a claim and finds that it should be dismissed, dismissal with prejudice is appropriate. *See* BLACK'S LAW DICTIONARY, "Dismissal" (10th ed. 2014) (defining "dismissal with prejudice" as a "dismissal, usu[ally] after an adjudication on the merits, barring the plaintiff from prosecuting any later lawsuit on the same claim").

The Court is sympathetic to Plaintiff's position, and as the case law dictates, approached the matter most favorably to Plaintiff as possible. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) ("[W]here the petitioner is *pro se*, [the Court has the obligation] to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."). However, the evidence ultimately showed that Defendant conducted a search that was "reasonably calculated to uncover all relevant documents," which is all the law required it to do. *See Zemansky v. Envtl. Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985). Ruling in Defendant's favor was therefore appropriate.

Finally, Plaintiff complains that he was not given "the opportunity to make his case during oral argument." (Dkt. No. 32 at 2.) However, a district court may decline to hold oral argument on a summary judgment motion if prejudice will not occur, *i.e.*, "if the parties can submit their papers to the court." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). Here, Plaintiff was given that opportunity: the Court reviewed his memorandum and accompanying evidence. The failure to hold oral argument did not impact the outcome of Defendant's motion.

Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 32) is DENIED. His motion to stay (Dkt. No. 31) is DISMISSED as moot.

DATED this 11th day of July 2017.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk