THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEERUT SINGH,

        Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,

        Defendant.

CASE NO. C17-0233-JCC

ORDER DENYING MOTION TO STAY

This matter comes before the Court on Plaintiff Keerut Singh's second motion to stay the judgment (Dkt. No. 35). In his first motion to stay, Singh cited Federal Rule of Appellate Procedure 8(a)(1)(A), which states: "A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." (Dkt. No. 31 at 1.) Singh argued that the judgment needed to be stayed until he could appeal this case. (*Id.*)

In the Court's minute order (Dkt. No. 33) denying Singh's motion for reconsideration (Dkt. No. 32) of the summary judgment order (Dkt. No. 29), the Court dismissed Singh's motion to stay as moot. (Dkt. No. 33 at 2.) This was because there was no reason to stay the judgment: the Court had denied reconsideration, (*id.*), meaning Singh was free to appeal the order and judgment, as he indicated he would do. (Dkt. No. 32 at 2.) A stay of the judgment is not necessary for a party to pursue an appeal.

1       Singh now brings a second motion to stay. (Dkt. No. 35.) He again asserts that the dismissal of his claims was in error. (*Id.* at 1.) He again indicates that he will appeal the summary judgment order to the Ninth Circuit Court of Appeals. (*Id.* at 2.) Indeed, he has already done so. (*See* Dkt. No. 34.)

      Again, the Court denies the motion. The general purpose behind the rule that Singh cites, Fed. R. App. P. 8(a)—as well as its sister rule, Fed. R. Civ. P. 62—is to allow parties to avoid payment of a monetary judgment while an appeal is pending. *See Omnioffices, Inc. v. Kaidanow*, 201 F. Supp. 2d 41, 43 (D.D.C. 2002) ("Typically, only appeals from monetary judgments warrant a stay[.]"). With non-monetary judgments, "a stay may be granted if the moving party establishes that it is likely to succeed on the merits of the appeal, that it is likely to suffer irreparable harm in the absence of the stay, that the balance of equities tips in its favor, and that the stay would be in the public interest." *NC-DSH, Inc. v. Serv. Emps. Int'l Union, Local 1107*, 2011 WL 1362297 at *2 (D. Nev. Apr. 11, 2011) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.2d 1127, 1131 (9th Cir. 2011)). This primarily arises in the context of injunctive relief, where the relief granted by the district court would continue to harm the appealing party while its appeal was pending. *Cf. C.B. v. Sonora Sch. Dist.*, 819 F. Supp. 2d 1032, 1045 n.1 (E.D. Cal. 2011) (discussing standard for staying non-monetary judgments as "the test for appeals involving injunctive relief").

      Here, there was no monetary judgment entered against Singh. Nor is there any injunctive relief at issue. Instead, the Court decided on the merits that his FOIA claims were unsuccessful and dismissed them. A stay is not necessary or appropriate for an appeal of these types of claims and, even if granted, would not actually be able to provide Singh any relief.

      Explained another way, because of the types of claims and relief at issue, Singh would be unable to meet the standard for staying non-monetary judgments. Specifically, Singh cannot show irreparable harm in the absence of a stay. This is not the same thing as saying that Singh suffered no harm as a result of the USPS's actions. Instead, functionally speaking, a stay would

not be able to remedy any harm in this case. This is because a stay does not reverse the district court's conclusion; it merely presses pause on the relief the district court has granted. In sum, a stay simply does not apply on these circumstances.

**To be clear, the denial of Singh's motions to stay does not impact his ability to pursue an appeal.** But ultimately, a stay is not appropriate here, nor would it provide Singh the relief he seeks even if granted.

The motion to stay (Dkt. No. 35) is DENIED.

DATED this 13th day of July, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE